## McJUNKIN v. RICHFIELD OIL CORPORATION et al.

### No. 21394W.

District Court, N. D. California, S. D.

April 13, 1940.

John L. McNab and S. C. Wright, both of San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for defendant Standard Oil Co.

Gregory, Hunt & Melvin, of San Francisco, Cal., and Robt. E. Paradise and Wm. J. DeMartini, both of Los Angeles, Cal., for defendant Richfield Oil Co.

Hanna & Morton and James M. McRoberts, all of Los Angeles, Cal., for defendant Hayes Jenkins Investment Co.

WELSH, District Judge.

Motions to dismiss this action and for more definite statement and bill of particulars have been severally interposed by the three defendant corporations, Richfield Oil Corporation, Standard Oil Company of California and Hayes Jenkins Investment Company. Defendants, Richfield Oil Corporation and Standard Oil Company of California, have also each presented mo-

tions to strike out certain allegations of the complaint. These several motions will be disposed of in the order referred to above.

The motions to dismiss this action are based on an alleged failure of the complaint to state a claim upon which relief can be granted.

The complaint is based on a claimed violation of Section 1 of the Sherman Anti-Trust Act of July 2, 1890, 15 U.S.C.A. § 1, resulting in injury to the plaintiff's business and entitling him, by virtue of Section 7 of the Sherman Act, 15 U.S.C.A. § 15, to recover damages for his injuries. The pertinent portions of the two sections of the Sherman Act involved in this action read as follows:

"Section 1. Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal. * * *"

"Section 7. Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor * * * and shall recover three fold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee."

It appears from the clear language of the above provisions of the Sherman Act and from the interpretation and application which have been given them by the federal courts, that to state a claim upon which relief may be granted to the plaintiff herein, his complaint must show a direct restraint on interstate commerce in pursuance of a contract, combination or conspiracy designed to effectuate that purpose and proximately resulting in special injury to his business or property, as distinguished from any injury resulting therefrom to the public generally. Blumenstock Bros. Advertising Agency v. Curtis Pub. Co., 252 U.S. 436, 40 S.Ct. 385, 64 L.Ed. 649; Abouaf v. J. D. & A. B. Spreckels Co., D.C.N.D.Cal., 26 F.Supp. 830.

If the complaint shows these facts, it states a cause of action and it is immaterial that plaintiff's business which is injured by the conspiracy and resulting restraint of trade be itself a purely local intrastate enterprise. City of Atlanta v. Chattanooga Foundry & Pipeworks et al., 6 Cir., 127 F. 23, 64 L.R.A. 721.

It is also immaterial that but a single interstate transaction is involved in the restraint. Steers v. United States, 6 Cir., 192 F. 1.

But a cause of action is not stated under the foregoing provisions of the Sherman Act unless the complaint shows a contract, combination or conspiracy directed to and actually operating as a restraint on interstate trade or commerce to the plaintiff's proximate damage.

With the foregoing principles in mind, the material allegations of the complaint will be examined. The complaint alleges that the petitioner is engaged in interstate commerce; that the defendants, Richfield Oil Corporation and Standard Oil Company of · California, are each engaged in interstate commerce; that the petitioner operates a service station at Berkeley, California. Paragraph IX of the complaint alleges that: "Petitioner is informed and believes and upon such information and belief alleges the facts to be that respondents, and other persons unknown to petitioner are and at all times mentioned in this petition have been engaged in a conspiracy to regulate, control and manipulate the prices of petroleum products for their mutual benefit and in violation of the Act of July 2nd, 1890, known as the 'Sherman Act'."

The complaint then goes on to allege the making of an oral agreement between petitioner and defendant, Richfield Oil Corporation, for the sale and delivery of gasoline to petitioner on certain stated terms; that a written agreement was signed by the parties to the oral understanding which contained different terms from those orally agreed on; that this written agreement was signed by petitioner on the assurance that the same was to be used only for the protection of Richfield Oil Corporation in some internal arrangement between that corporation and Standard Oil Company of California which did not concern petitioner; that the gasoline was supplied petitioner by Richfield Oil Corporation pursuant to the terms of the oral agreement from June 1, 1938, to October 5, 1938. Paragraph XIX then alleges that: "* * * on or about the 5th day of October, 1938, in the City of Berkeley, State of California, the respondents in violation of Sections I, II and VII of an Act of Congress of the United States approved July 2nd, 1890 [15 U.S.C.A. §§ 1, 2, 15] known as the 'Sherman Act', and the Act of Congress of

October 15, 1914, Chap. 323, Section 4, [15 U.S.C.A. § 15] wilfully wrongfully and unlawfully, and in restraint of trade combined, confederated and agreed together to injure and damage petitioner in his business as aforesaid by having the respondent, Richfield Oil Corporation, refuse to longer supply to petitioner, gasoline and lubricating oils as said last named respondent had agreed to do, and to cancel said written sales contract and all contracts between petitioner and said respondent, Richfield Oil Corporation."

The complaint then alleges that in furtherance of said conspiracy, the defendant Richfield Oil Corporation, on October 5, 1938, served notice on petitioner cancelling the written agreement signed by petitioner and has ever since refused to sell gasoline to petitioner. The remaining allegations of the complaint are directed to the resulting injury to plaintiff.

█ It will be noted that the complaint fails to allege any combination or conspiracy having as its object the restraint either of interstate trade or commerce in general, or the restraint of any interstate transaction in which plaintiff was an interested party. Nor are any facts alleged showing any such restraint. The most that is alleged in the complaint is a conspiracy designed and operating to prevent the sale and delivery, under a contract, of gasoline to petitioner at his service station located in this state, by Richfield Oil Corporation, a resident of this state. So far as appears from the complaint, the restraint complained of was directed to a purely local, intrastate movement of gasoline. At least, it does not affirmatively appear from the complaint that the sale and delivery of gasoline to petitioner which was allegedly interfered with by the concerted acts of the defendants, involved any movement of gasoline in interstate commerce as an integral part thereof. That the agreement for the sale and delivery of the gasoline may have indirectly caused a movement in interstate commerce is, under the decisions, not enough to constitute the sale and delivery under the agreement an interstate transaction. Lipson v. Socony-Vacuum Corporation, 1 Cir., 76 F.2d 213; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742.

█ That the alleged conspiracy of the defendants to control the prices of petroleum products might have been directed to the control of the prices of such prod-

ucts in interstate as well as intrastate commerce would not avail plaintiff anything in this action under the Sherman Anti-Trust Act if all he could show was proximate injury to himself as the result of a restraint, by reason of such conspiracy, on a purely intrastate transaction. Addyston Pipe Co. v. United States, 175 U.S. 211, 20 S.Ct. 96, 44 L.Ed. 136.

The complaint does allege that petitioner is engaged in interstate commerce, but it does not appear that there was any combination to restrain, or any restraint on his interstate trade.

█ The complaint, it is true, states that the acts complained of were done in violation of the Sherman Act. But such an allegation, even under the liberalized rules of pleading in effect since the adoption of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, cannot take the place of allegations from which it can be determined whether or not the law mentioned was in fact violated. No one would seriously contend that a complaint alleging merely that the defendant violated the Sherman Act to plaintiff's damage, would be sufficient. Neither can it be seriously contended that a complaint is sufficient which alleges merely that the defendants violated the Sherman Act in certain specified particulars which do not themselves show all the elements necessary to constitute a violation thereunder. That is the situation in this case. This action is wholly statutory and it is essential to the jurisdiction of the court that a substantial cause of action within the statute be set up by a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) (2), Federal Rules of Civil Procedure.

█ For the reasons set forth above, it is this court's conclusion that the defendants' motions to dismiss are well taken. But it does not follow that the motions should be granted without leave to amend. Although the complaint now fails to state a claim on which relief can be granted, it does not appear affirmatively from the complaint that plaintiff cannot show a restraint on interstate commerce to the proximate damage of his business as the result of a conspiracy designed to effect that end. And plaintiff is entitled to an opportunity to state a cause of action under the Sherman Act, if he has one.

■ For the purpose of enabling the defendants to prepare their responsive pleading, and for trial, and to prevent surprise, the motions for more definite statement and for bill of particulars are hereby granted in the following respects:

1. That plaintiff shall allege in connection with paragraph II of the petition the states or localities in which he transacted interstate commerce during the times mentioned in the petition, and to allege in general the transactions which are asserted to constitute interstate commerce on the part of the petitioner.

2. That plaintiff shall allege in connection with paragraph IX of the petition the nature of the alleged conspiracy to regulate, control and manipulate the prices of petroleum products and the acts which are claimed to have been committed by the alleged conspirators.

3. That plaintiff shall allege in connection with paragraph IX of said petition how or in what manner petitioner has been damaged or injured as a result of the alleged conspiracy to regulate, control and manipulate the prices of petroleum products.

4. That plaintiff shall allege in connection with paragraphs XI, XVI and XVII of the petition, the duration and term of the alleged oral agreement including the date of commencement and the date of termination of the same; the quantities of gasoline and other products to be sold and delivered thereunder; and the manner and time of delivery of gasoline and of such other products.

5. That plaintiff shall allege in connection with paragraph XIX of the petition the nature of the alleged combination, confederation and agreement to injure and damage the petitioner in his business; in what respect there has been a restraint of interstate commerce or trade resulting from the alleged combination, confederation and agreement and in what respect there has been the creation of a monopoly in interstate commerce or trade from the alleged combination, confederation and agreement.

In all other respects, the motions for more definite statement or bill of particulars are denied.

■ The motion to strike the allegations relating to the oral agreement alleged to exist between plaintiff and defendant, Richfield Oil Corporation is made by this defendant on the ground that these allegations are immaterial since the petition or complaint fails to state facts sufficient to permit the modification or alteration of the terms and provisions of the written agreement set out in the complaint by oral representations or statements. If plaintiff had alleged the execution of the written agreement as the intended contract of the parties, it is true that he could not then vary its terms by any oral agreement contrary thereto, even by showing that the oral agreement was made fraudulently and to induce the execution of the written agreement. But it is apparent from the complaint that plaintiff is not attempting to vary the terms of a written contract by showing an oral agreement in conflict therewith. What plaintiff seeks to do in his complaint is to show that although a written document was signed by him embodying certain terms, this was not in fact the contract between the parties at all; that it was never intended to be a contract, but was signed for use by the defendant, Richfield Oil Corporation to accomplish a purpose of its own. That the real contract between this defendant and petitioner was the oral contract and that it was in pursuance of this oral agreement that the sale and delivery of gasoline was made. A similar situation presented itself in the case of Texas Company v. Berry Garage, 121 Cal.App. 455, on page 459, 9 P.2d 241, on page 242, and in that case the court stated: "Evidence that parties never intended a writing to constitute a contract, but that in lieu thereof another contract was entered into between them, is not objectionable under the parol evidence rule. Such evidence does not change a written contract by parol, but serves to establish that such contract had no force, efficacy, or effect".

In discussing the evidence introduced in the above quoted decision, the court stated, 121 Cal.App. on page 459, 9 P.2d on page 242: "This furnishes substantial evidence in support of the judgment to the effect that the written contract was not intended by the parties to be controlling with regard to the price of the gasoline which was to be paid, but, upon the contrary, that it was executed to deceive other competing gasoline companies regarding the price which the plaintiff was receiving for gasoline. This theory is corroborated by the fact that one cent per gallon, in addition to the discount which is provided

for by the terms of the written agreement, was actually paid to the defendants by the plaintiff."

The motion of defendant, Richfield Oil Corporation, to strike is therefore denied.

The motion of defendant, Standard Oil Company of California, to strike the allegations relating to the alleged agreement between petitioner and respondent, Richfield Oil Corporation, is placed on the ground that such matters are redundant, immaterial and impertinent. The materiality of these allegations cannot be satisfactorily determined in advance of the filing of an amended complaint in conformity with the rulings here made on the motions to dismiss and for more definite statement and for bill of particulars. In any event, they are at the most superfluous. The motion will therefore be denied, without prejudice to the filing of a new motion to strike directed to any amended complaint filed herein.

An order based upon this memorandum will be prepared and presented on notice, and plaintiff will have twenty days time from and after notice of the filing of said order within which to file his amended complaint.