## BADER v. ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited.

United States District Court
S. D. New York.
May 12, 1952.

438

Maximilian Bader, New York City, for plaintiff.

Barrett, Molloy & Swiggett, New York City (Samuel E. Swiggett, New York City, of counsel), for defendant.

IRVING R. KAUFMAN, District Judge.

Defendant moves under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint because it fails to state a claim upon which relief can be granted, and because the Court lacks jurisdiction since the amount in controversy is less than $3,000.

The complaint alleges two causes of action. The first cause of action states that defendant issued to plaintiff, Maximilian Bader, a personal liability insurance pol- icy; that plaintiff damaged property belonging to I. Walton Bader (the son of plaintiff and hereafter referred to as such); that defendant, after threatening the son's garage mechanic, denied liability under the policy and in so doing besmirched the son's character; that thereafter his son sued plaintiff in the Small Claims Part of the Municipal Court of the City of New York and obtained a judgment against plaintiff; that during that trial the son was threatened by defendant's trial counsel that if he proceeded with his action plaintiff's liability insurance policy would be cancelled and information sent to all other insurance companies that plaintiff is a dishonest person and a bad risk and that defendant would see to it that no other company would place coverage on the property of plaintiff; that upon defendant's refusal to pay the judgment, his son commenced another action in the Small Claims Part of the Municipal Court; that upon the trial of this action a Claim Agent for defendant and defendant's trial counsel repeated the threats with respect to cancelling plaintiff's insurance policy and informing all other insurance companies that plaintiff is an untruthful person and a bad risk; that the action between the son and defendant was subsequently settled and that defendant shortly thereafter cancelled the insurance policy on plaintiff's property. Thereafter plaintiff's broker advised him that he was "unable to place substitute coverage upon the premises owned by him"; that as a result of all of these facts defendant has conspired with other insurance carriers to deny coverage to plaintiff "in violation of the anti-trust laws of the United States", and that as a result thereof plaintiff will either have to carry a large cash reserve in order to become a self-insurer of his property or be forced to pay an excessive premium for his coverage.

 I am of the opinion that insufficient facts are alleged to state a claim upon which relief can be granted under the "anti-trust laws of the United States." I say this in full recognition of the provisions of Rule 8(a) of the Federal Rules of

Civil Procedure. The extreme liberality of the Rule notwithstanding, preparation of a proper pleading for an anti-trust suit requires a statement of matters and their relation to each other considerably more extensive than that required in a simple pleading in negligence or on contract. See Beegle v. Thomson, 7 Cir., 1943, 138 F.2d 875, certiorari denied, Beegle v. Thompson, 1944, 322 U.S. 743, 64 S.Ct. 1143, 88 L. Ed. 1576; Pastor v. American Telephone & Telegraph Co., D.C. S.D.N.Y. 1940, 76 F.Supp. 781; Westmoreland Asbestos Co., Inc., v. Johns-Manville Corp., Inc., D.C. S.D.N.Y. 1939, 30 F.Supp. 389, reargument granted D.C., 32 F.Supp. 731, affirmed 2 Cir., 1940, 113 F.2d 114. It is also a well grounded principle that a complaint to state a claim under the anti-trust laws must show not only damages sustained by the individual plaintiff but also a violation of public rights prohibited by the Act. Wilder Manufacturing Co. v. Corn Products Refining Company, 1915, 236 U.S. 165, 35 S. Ct. 398, 59 L.Ed. 520.

█ There is a complete lack of facts sufficient to assert a good claim under the anti-trust laws. The allegations are in the vaguest and most general terms and only by taxing the imagination to its utmost can any of the inferences be drawn which might possibly breathe life into this cause of action.

Plaintiff attempts to charge defendant with being a member of a conspiracy with other insurance carriers. Aside from the mere conclusion that plaintiff's insurance broker advised him that he was unable to place substitute coverage upon the premises owned by plaintiff, none of the elements which would spell out a conspiracy between defendant and the other insurance companies is alleged. Indeed, the broker's advice that he was. "unable to place substitute insurance", might conceivably be due to reasons not violative of the anti-trust laws.

More than the bare assertion that a conspiracy exists between defendant and other insurance carriers is required in order sufficiently to allege a violation of the anti-trust laws. Indeed, the general statement of the terms of the conspiracy, the members of the conspiracy, if known, and the method adopted to effectuate the ends of the conspiracy, should be alleged. In view of the fact that plaintiff will be required to plead over, a statement as to the particular provisions of the "anti-trust laws" which plaintiff claims were violated to his detriment should likewise be alleged.

The second cause of action while vague states a claim upon which relief can be granted. See Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774.

█ Defendant's assertion that the court lacks jurisdiction because the amount in controversy is less than $3,000 is not well founded. There is an allegation in the first cause that the amount in controversy exceeds $3,000 and plaintiff's final prayer for relief is a judgment against defendant in the sum of $500,000. Furthermore, if plaintiff's first claim is based upon 15 U.S.C.A., § 15, action may be brought "without respect to the amount in controversy". The jurisdictional amount for the second cause of action is properly pleaded. The first cause of action is dismissed with leave to plaintiff to serve an amended complaint containing the necessary facts sufficient to make a good claim "under the anti-trust laws of the United States" upon which relief can be granted. The amended complaint may be served within ten days after service of a copy of the order to be entered hereon. Settle order.