**NATIONAL & TRANSCONTINENTAL TRADING CORP.**

v.

**INTERNATIONAL GENERAL ELECTRIC CO., Inc., et al.**

United States District Court,
Southern District New York.

April 15, 1954.

I. Arthur Rosenberg, New York City, for plaintiff.

Thayer & Gilbert, New York City, for defendants, Leland Badler, Brooklyn, N. Y., Phil E. Gilbert, Jr., New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Defendants move under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., for an order dismissing the complaint because it fails to state a claim upon which relief can be granted, and because so much of the claim as is based upon liability accruing prior to January 26, 1948, is barred by the applicable statute of limitations. Defendants also move pursuant to Rule 10(b) for an order directing plaintiff to serve an amended complaint, separately stating its alleged claims, and for an order pursuant to Rule 12(e) directing plaintiff to file a more definite statement.

The complaint alleges that plaintiff seeks treble damages by reason of defendants' violations of the anti-trust laws and their discriminatory practices against the plaintiff. After reciting that defendant General Electric Co. is engaged in the production and distribution of electrical products, and that defendant, International General Electric Co. Incorporated, was organized by the co-defendant for the purpose of exploiting foreign markets, the complaint alleges in the most general terms that since 1927 the defendants have "unlawfully contracted, combined and conspired to restrain trade or commerce * * * in the * * * electric light lamp industry"; that General Electric Co. "has dominated and monopolized the * * * electric lamp industry in the United States"; and that since 1927 the General Electric Co. has "through its subsidiary the defendant, International General Electric Co. Incorporated, entered into and maintained unlawful patent licensing agreements and unlawfully maintaining (sic) other agreements made with potential and actual foreign competitors." The complaint further recites that in January 1941 the United States brought suit against the defendants, alleging their participation in a wrongful and unlawful combination and conspiracy in restraint of trade, and that in October 1953, a final judgment in favor of the United States with respect to such charges was filed, and that this final judgment, together with the findings of fact and conclusions of law rendered are made a part of the instant complaint.

The complaint next alleges that between 1943 and 1948, inclusive, plaintiff purchased from defendant International General Electric Co. Incorporated incandescent lamps and lamp parts manufactured by defendant General Electric Co. and that defendants knew that these articles were purchased for resale, and that defendant, International General Electric Co. Incorporated, granted plaintiff trade discounts which were unlawful, discriminatory and less than discounts granted to other purchasers of the same merchandise. By reason of such discrimination, plaintiff alleges that it was overcharged and damaged to the

extent of $100,000.[1] Plaintiff also alleges that the statute of limitations with respect to the instant action was suspended from January 27, 1941, when the aforementioned action by the United States was begun, until October 8, 1953, when final judgment in the suit was entered in favor of the United States.

 I am of the opinion that insufficient facts are alleged to state a claim upon which relief can be granted. The allegations of conspiracy appear sufficient in view of the incorporation in the complaint by reference of the judgment of the District Court of New Jersey and its findings of fact and conclusions of law in the action by the United States against the instant defendants. But the complaint wholly fails to allege that any of the injuries complained of resulted proximately or otherwise from defendants' alleged violations of Sections 1 and 2 of the Sherman Act. As this Court said in Bader v. Zurich General Accident & Liability Ins. Co., D.C.S.D.N.Y.1952, 12 F.R.D. 437, at page 439:

> "[P]reparation of a proper pleading for an anti-trust suit requires a statement of matters and their relation to each other considerably more extensive than that required in a simple pleading in negligence or on contract." (Citing authorities.)

Plaintiff's treble damage action is based upon the provisions of Section 4 of the Clayton Act, 15 U.S.C.A. § 15 which provides as follows:

> "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

 Before relief can be granted under this Section it is essential that a plaintiff show that he was "injured in his business or property by reason of anything forbidden in the antitrust laws * * *." The complaint herein wholly fails to meet this test. The only allegations of injury to plaintiff are those contained in paragraphs 24 and 27 of the complaint. These relate to the plaintiff's claim that discrimination in trade discounts resulted in damages to it of $100,-000. This claim is not in any way shown to be connected with the alleged violations by the defendants of the anti-trust laws. As a result, no claim upon which relief can be granted has been alleged. See Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 1934, 72 F.2d 885; Electric Theater Co. v. Twentieth Century Fox Film Corp., D.C.W.D.Mo.1953, 113 F.Supp. 937, 940.

In order to avoid the bar of the statute of limitations, plaintiff further relies on Section 5 of the Clayton Act, 15 U.S.C.A., § 16, which provides in part as follows:

> "Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole

[1] Plaintiff's complaint originally alleged that the action was brought under the Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq., "and more particularly Sections 13 and 15 of Title 15 U.S.C. * * *." (Par. 1 of complaint). Defendants were charged with having violated "Sections 1 and 2 of the Sherman Anti-Trust Act and Section 3 of the Clayton Act" (Par. 13 of the complaint.) On oral argument of this motion, confirmed by letter to this Court, plaintiff's counsel noted that the reference in paragraph 1 of the complaint to Section 13 of Title 15, U.S.C.A., and the reference to Section 3 of the Clayton Act in paragraph 13 of the complaint, are to be stricken from the complaint.

or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

Plaintiff contends that the pendency of the aforementioned action by the United States in the District Court for New Jersey suspended the statute of limitations for the period January 27, 1941, when the New Jersey action was commenced, until October 8, 1953, the date when final judgment was entered in favor of the United States. Nowhere however does the complaint allege that any of the allegations of the complaint are "based in whole or in part on any matter complained of" in the New Jersey action. Such allegations are essential if the bar of the statute is to be avoided.

Defendants' motion to dismiss the complaint is granted, with leave to plaintiff to file an amended complaint within ten days after the entry of an order herein, stating clearly in what manner, if at all, defendants' alleged violations of the anti-trust laws caused plaintiff damage and further stating, if 15 U.S.C.A. § 16 is relied on, the relationship of the allegations of the complaint to the matter complained of in the New Jersey action which was brought by the United States against the instant defendants. Settle order.