**BAIM & BLANK, Inc. and Apartment House Supply Co. (doing business as Brick Church Appliance Co.), suing for themselves and all others similarly situated, Plaintiffs,**

**v.**

**ADMIRAL CORPORATION, Admiral Corporation New York Distributing Division, Inc. and Admiral Corporation of New Jersey, Defendants.**

United States District Court
S. D. New York.
June 29, 1955.

Malkan & Ellner, New York City, for plaintiffs.

O'Brien, Driscoll & Raftery, George A. Raftery, New York City, William D. Friedmann, Flushing, N. Y., of counsel, for defendants.

**WEINFELD, District Judge.**

In this suit for treble damages and injunctive relief based upon alleged violations of the Robinson-Patman and the Sherman Acts[1] the defendants attack the complaint upon a variety of grounds. In view of the conclusion I have reached it is unnecessary to consider them all, although some are clearly lacking in merit.

An essential element of a complaint in an action brought under the anti-trust laws is an allegation of injury and damage proximately caused by the alleged wrongful conduct of the defendant. In this respect the complaint is

1. 15 U.S.C.A. § 13; 15 U.S.C.A. § 1 et seq.

defective as to both causes of action.[2] While the Federal Rules of Civil Procedure, 28 U.S.C.A., permit liberal construction of pleadings, "a proper pleading for an anti-trust suit requires a statement of matters and their relation to each other considerably more extensive than that required in a simple pleading in negligence or on contract."[3] The complaint simply alleges that the plaintiff was injured without any attempt to show in what manner, or the relation between the acts and the claimed resulting injury. There should at least be some indication of whether the injury was caused by lost profits due to the necessity of meeting the prices of the so-called favored competitors, or lost sales due to inability to meet their prices, or both, and if it is claimed that the defendants' conduct forced the plaintiffs or either of them out of business, this should be alleged.[4]

The second cause of action charging violations of the Sherman Act is further defective since there is no allegation of a contract, combination or conspiracy in restraint of trade. The allegations contained in Paragraphs 21 to 23 that the acts complained of were committed by the defendants "pursuant to contract, combination or conspiracy" are conclusory and do not plead facts. It should be a comparatively simple matter for the pleader to draft a complaint specifically charging that the defendant entered into a contract, combination or conspiracy in restraint of trade or commerce, if such be the fact, and setting forth the essential facts and overt acts relied upon to establish the claim.[5] "A general allegation of the forming of such a combination or conspiracy with resulting injury to the public and to the plaintiff is not enough. It is essential that the complaint allege facts from which it can be determined as a matter of law that by reason of intent, tendency, or the inherent nature of the contemplated acts, the conspiracy was reasonably calculated to prejudice the public interest by unduly restricting the free flow of interstate commerce."[6] Indeed, here there is not even a general allegation of the formation of a conspiracy or combination.

Since plaintiffs are required to serve an amended complaint, they will also be required to separately state and number the claims on behalf of the respective plaintiffs, particularly so since there may be available to the defendant defenses under Rule 8(c) which are applicable to one plaintiff but not the other.[7]

Finally, upon consent, Paragraph 9 purporting to maintain this suit as a class action under Rule 23(a) (3) of the Federal Rules of Civil Procedure is stricken.

The motion is granted as indicated above with leave to the plaintiff to serve a further amended complaint.

Settle order on notice.

**2.** Wilder Mfg. Co. v. Corn Products Co., 236 U.S. 165, 35 S.Ct. 398, 59 L.Ed. 520; Schwartz v. General Electric Co., D.C. S.D.N.Y., 107 F.Supp. 58; Dublin Distributors, Inc., v. Edward & John Burke, Limited, D.C.S.D.N.Y., 109 F.Supp. 125.

**3.** Bader v. Zurich General Accident & Liability Ins. Co., D.C.S.D.N.Y., 12 F.R.D. 437, 439. See also Lowe v. Consolidated Edison Co., D.C.S.D.N.Y., 1 F.R.D. 559, 562.

**4.** Cf. Twin Ports Oil Co. v. Pure Oil Co., D.C.Minn., 46 F.Supp. 149, 153; McJunkin v. Richfield Oil Corporation, D.C., N.D.Cal., 33 F.Supp. 466.

**5.** Fedderson Motors v. Ward, 10 Cir., 180 F.2d 519; Alexander Milburn Co. v. Union Carbide & Carbon Corp., 4 Cir., 15 F.2d 678; McJunkin v. Richfield Oil Corp., D.C.N.D.Cal., 33 F.Supp. 466, 469.

**6.** Dublin Distributors, Inc., v. Edward & John Burke, Limited, D.C.S.D.N.Y., 109 F.Supp. 125, 127.

**7.** Cf. 2 Moore's Federal Practice, 2d Ed., ¶ 10.03, p. 2009; Bicknell v. Lloyd-Smith, D.C.E.D.N.Y., 25 F.Supp. 657.