**BAIM & BLANK, Inc., Apartment House Supply Co. (doing business as Brick Church Appliance Co.), and Abe Friedel (doing business as Lynbrook Home Appliance Company), suing for themselves and all others similarly situated, Plaintiffs,**

v.

**VIM TELEVISION & APPLIANCE STORES, Inc., Defendant.**

United States District Court
S. D. New York.
June 29, 1955.

Malkan & Ellner, New York City, for plaintiffs.

O'Dwyer & Bernstein, New York City, for defendant.

WEINFELD, District Judge.

The complaint in this case is subject to the same deficiencies which required the dismissal of the complaint in Baim & Blank, Inc. v. Admiral Corp., D.C., 132 F.Supp. 412. Accordingly, the complaint herein must be dismissed with leave to the plaintiff to plead anew. In the amended complaint each claim for relief asserted in favor of each plaintiff shall be separately stated and numbered since defenses may be available as to one plaintiff which are not available as to the others.

The motion to strike Paragraph 28 is also granted on the ground that it does not appear this is a proper class action or that representation by the plaintiff will insure adequate representation of the alleged class.

This disposition makes it unnecessary to pass upon that branch of the motion which seeks to obtain a more definite statement under Rule 12(e), 28 U.S.C.A. However, it is noted that many of the allegations abound in generalities and vague charges and it is suggested that in pleading anew attention be given to this shortcoming so as to avoid further motions. Paragraph 20 is a typical example of a general allegation which should be more definite.

That branch of the motion which seeks to stay the deposition of the defendant as a party is granted to the extent of staying the same until ten days after the service of an amended complaint.

As to the second motion, it is not altogether clear why the defendant's examination as a witness in the action by one of the plaintiffs herein against Bruno-New York, Inc., (D.C., 17 F.R.D. 346) should be postponed pending the service of an amended complaint in this action and the affidavit submitted in support of that motion does not set forth reasons why such relief is necessary. Were the plaintiff's complaint herein to be dismissed with prejudice, the defendant would still be subject to examination as a witness in the Bruno-New York action.

The second motion further seeks to limit the items in the subpoena dated April 1, 1955 and the imposition of terms and conditions for the protection of Vim Electric & Appliance Stores, Inc., as a witness, but again the affidavit is singularly silent as to the necessity for such relief. Absent such a showing the motion must be denied.

Settle order on notice.