**BAIM & BLANK, Inc., G. K. W., Inc., Edward Abbo and Morman Abo, doing business as Abbott Appliance & Music Company, Abe Friedel, doing business as Lynbrook Home Appliance Co., suing on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**WARREN–CONNELLY COMPANY, Inc., Philco Corporation, Philco Distributors, Inc., Emerson Radio and Phonograph Corp., Zenith Radio Corp. of New York, Times-Appliance Co., Inc., Tappan Stove Co., Nash-Kelvinator Sales Corp., Motorola-New York, Inc., Davega Stores Corporation, Admiral Corporation, Admiral Corporation, New York Distributing Division, Inc., The Maytag Company, Maytag Atlantic Co., Inc., Defendants.**

United States District Court
S. D. New York.
Feb. 17, 1956.

Netter & Netter, New York City, J. Robert Ellner, New York City, of counsel; for plaintiff Baim & Blank, Inc.

Arnold Malkan, New York City, for all plaintiffs, except Baim & Blank, Inc.

Hodges, Reavis, McGrath, Pantaleoni & Downey, New York City, Robert W. Poore, Allen C. Holmes, Cleveland, Ohio, of counsel, for defendant Tappan Stove Co.

O'Brien, Driscoll & Raftery, New York City, for defendants Admiral Corp. and Admiral Corp., New York Distributing Div., Inc.

Donovan, Leisure, Newton & Irvine, New York City, for defendants Philco Corp., Philco Distributing, Inc.

Weil, Gotshal & Manges, New York City, for defendant Davega Stores Corp.

O'Dwyer & Bernstein, New York City, for defendant Vim Television & Appliance Stores, Inc.

Moses Block, New York City, for defendant Maytag-Atlantic Co., Inc.

Adelman & Shapiro, New York City, for defendant Warren-Connelly Co., Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Emerson Radio & Phonograph Corp.

Sherman & Sterling & Wright, New York City, for defendant Zenith Radio Corp. of New York.

Sullivan & Cromwell, New York City, George A. Raftery, William D. Friedmann, Howard N. Meyer, Joseph S. Kelly, New York City, of counsel, for defendant Nash-Kelvinator Sales Corp.

DAWSON, District Judge.

These are motions addressed to a complaint which seeks treble damages and injunctive relief based upon alleged violations of the Robinson-Patman Act, 15 U.S.C.A. §§ 13–13b, 21a, and the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. This complaint is subject to the same deficiencies which led Judge Weinfeld to dismiss almost similar complaints in Baim & Blank, Inc. v. Admiral Corporation, D.C.S.D.N.Y.1955, 132 F.Supp. 412 and in Baim & Blank, Inc., v. Vim Television & Appliance Stores, Inc., Civ. 98–219, D.C., 139 F.R.D. 378.

The modern "notice" theory of pleading is not sufficient when employed in a complaint under the anti-trust laws. It is all very well for Professor Moore to state that: "The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved."[1] This will not do in this type of case. If a complaint contains nothing more than general allegations that defendants have violated various provisions of the anti-trust laws combined with a prayer for relief, such a pleading, as I have previously said, "becomes a springboard from which the parties dive off into an almost bottomless sea of interrogatories, depositions, and pre-trial proceedings on

1. Moore, Federal Practice (2d Ed.) Vol. 2, p. 1607.

**110**

collateral issues, most of which may have little relationship to the true issue in the case." [2]

■ For these reasons, it is not practical in these cases to proceed as in a negligence case or in a simple commercial case.[3] To do so would cause both court and counsel to become bogged down in the endless problems that will arise in pre-trial discovery proceedings.[4] The complaint should show the relationship of the parties, the specific acts complained of, and the relation of the acts to the damages claimed.

A Judge who had to pass upon the propriety of interrogatories or on the relevance of questions on depositions, with nothing more to guide him than the present vague complaint, would be left completely at sea.

■ For plaintiffs to allege, as they do in the present complaint, that all of the supplier defendants have discriminated against them in violation of the Robinson-Patman Act or in violation of the Sherman Act and then casually to state in paragraph 17 of the complaint that certain of the plaintiffs "make no claim in this action" against certain of the defendants shows on its face that plaintiffs have drafted a "shotgun complaint" with no attempt to analyze which act of which defendant is thought to have injured which plaintiff. The particular competitive situation of each plaintiff with respect to each "favored customer" should be alleged, and the particular type of discrimination by a particular defendant, to which the particular plaintiff was subjected, should be specifically alleged, together with the damage which is alleged to flow therefrom. There may well be different issues between different plaintiffs and different defendants. For this reason, the claims should be separately stated and numbered.

■ The defendants also seek an order striking the complaint on the ground that it fails to comply with the requirements of Rule 23(a) (3) of the Rules of Civil Procedure, 28 U.S.C.A., in that there is no ascertainable class specified by the plaintiffs in the complaint whose right can be litigated in a class action. The complaint alleges that:

"This is a class action under Rule 23(A) of the Federal Rules of Civil Procedure. Plaintiffs represent not only themselves but all persons and firms similarly situated; i. e., all independently owned and operated retail stores selling electrical appliances. * * * The plaintiffs can adequately represent all other independent retail sellers of electrical appliances in securing fair and reasonable treatment from the defendants and compensation for the past damages inflicted upon such independent operators by the defendants. Said retail sellers are so numerous as to make it impracticable to bring them all before the court."

It is alleged that the plaintiffs operated retail stores for the retail sale of cameras, sporting goods, phonograph records, radios, refrigerators, gas and electric stoves, television receivers and various other electrical appliances in or near New York City.

2. New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp., D.C.S.D.N.Y.1954, 16 F.R.D. 203, 206.

3. Bader v. Zurich General Accident & Liability Ins. Co., D.C.N.Y.1952, 12 F.R.D. 437.

4. See Report of the Judicial Conference of the United States on "Procedure in Anti-Trust and Other Protracted Cases", 13 F.R.D. 62; see also "Report of the Committee on Practice and Procedure in the Trial of Anti-Trust Cases", American Bar Association, Section on Anti-Trust Law, May 1, 1954: "As to pleadings, the Committee notes that in their present form, these pleadings do not serve to clarify the issues, but rather to confuse and prolong the trial * * * If the claim is concisely stated, issues of relevance and materiality can be far more easily determined." (p. 18)

No facts have been shown to establish that plaintiffs do, in fact, represent any persons other than themselves or that they are authorized or can properly speak on behalf of "all independently owned and operated retail stores selling electrical appliances."

Furthermore, it appears on the face of the complaint that there is not a common question of law or fact affecting the common rights nor is a common relief sought. That this is so appears from the fact that even among the plaintiffs themselves, they do not seek relief against all of the defendants, but different plaintiffs seek relief against different defendants. Whether this is because they operate in different localities or whether it is because of the fact that they sell different types of appliances does not appear from the complaint.

The first cause of action in the complaint alleges that defendants discriminated against plaintiffs in violation of the Robinson-Patman Act. However, this cause of action does not show on its face which defendant discriminated against which plaintiff, and, in fact, indicates that certain of the defendants did not discriminate against certain of the plaintiffs, for in paragraph 17 of the complaint, certain plaintiffs specifically make the statement that they make no claim against certain of the defendants. We therefore have a situation where different plaintiffs make claims against certain, but not all, of the defendants, and others make claims against these and other defendants.

The second cause of action repeats the allegations of the first cause of action and simply alleges that the acts set forth in the first cause of action violate the Sherman Act.

The third cause of action realleges all the allegations of the first cause of action and alleges that certain of the defendants, but not all of the defendants, entered into contracts with certain retailers granting Davega Stores Corporation and Vim Television & Appliance Stores, Inc. rights which enabled them to buy certain products at prices which were not available to other non-favored retailers, including the plaintiffs, and that a system of exclusive territorial distributorships had been established and maintained by the defendants Philco Corporation, Admiral Corporation, The Maytag Company and by other manufacturers who are not defendants for the benefit of certain defendants who were their exclusive distributors, which thereby gave discriminatory advantages to the favored customers and that such acts constituted a violation of the Sherman Act. Here again, this cause of action is not alleged against all of the defendants, nor does it purport to have injured all of the plaintiffs.

In Baim & Blank, Inc., v. Vim Television & Appliance Stores, Inc., Civil Action 98–219, Judge Weinfeld granted a motion to strike out a paragraph from the complaint "on the ground that it does not appear this is a proper class action or that representation by the plaintiff will insure adequate representation of the alleged class." On the face of the present complaint, it appears that there is no "common question of law or fact affecting the several rights" of the persons sought to be represented, nor have any facts been adduced from which the Court could reasonably conclude that the plaintiffs in the present action may properly represent all the thousands of independently owned and operated retail stores selling electrical appliances in some vague territory which is not defined in the complaint. The permissive use of class action permitted by Rule 23 of the Rules of Civil Procedure was never intended as a device to enable client solicitation, nor should it be permitted to be used for that purpose.

A separate motion has been made by the defendant, The Tappan Stove Company, for an order either dropping that party as a party defendant or, in the

alternative, dismissing the complaint as against it, or for an order severing the claims against this defendant. It is urged, in support of the motion by this defendant, that Tappan manufactures and distributes cooking stoves and does not manufacture any of the other various categories of goods mentioned in the complaint, and that it has never sold any of its stoves to the defendants Davega Stores Corporation and Vim Television & Appliance Stores, Inc. which are alleged to have been in competition with some of the named plaintiffs. This defendant urges that to compel it to spend weeks in a trial or in pre-trial discovery proceedings when only a tiny fraction of any matters in the action will have anything to do with it would be a wholly unjustified imposition, and that if any of the plaintiffs have any claim against Tappan, they should be required separately to pursue their alleged claim against this defendant.

Inasmuch as the complaint is to be dismissed with a direction that any amended complaint shall separately state and number the claims on behalf of the respective plaintiffs against the respective defendants, it becomes unnecessary at this time to pass upon this motion by the defendant, The Tappan Stove Company. The considerations urged in the motion can more properly be determined when addressed to an amended complaint wherein the allegations against this defendant will be separately stated.

The complaint is dismissed with leave to the plaintiffs, within 30 days after the date of this order, to serve an amended complaint which will separately state and number the claims on behalf of the respective plaintiffs against the respective defendants. Any amended complaint should show in what manner the particular plaintiff was injured, or the relation between the acts alleged to have been done by the particular defendants and the injury claimed by the particular plaintiff. If a conspiracy count is to be included, the complaint should allege specifically the contract, combination or conspiracy alleged and set forth the essential facts and overt acts relied upon to establish the claim. So much of the motion as seeks to strike from the complaint allegations that the action is a class action is granted.

So ordered.