772

Julius NAGLER and Oscar Resnick d/b/a Brooks Radio & Television, Charles De Nave d/b/a Dee Radio & Television Co., Benjamin Katzoff d/b/a Empire Refrigeration & Appliance Co., Harold August d/b/a Jo-Mort, Emanuel Salkind d/b/a Melody Television Company, Harold Kaufman d/b/a N & H Radio, Rajah Appliance Corp., Robert Harrison d/b/a Roda Radio Sales & Service, Stan-White Appliance, Inc., John La Rock and Frank La Rock d/b/a United Radio Lab, Zinn Distributing Corporation, Presto Television, Inc., John Pristas d/b/a Corona Appliance Company, suing on behalf of themselves and all others similarly situated, Plaintiffs,

v.

ADMIRAL CORPORATION, Admiral Corporation New York Distributing Division, Inc., Emerson Radio and Phonograph Corp., The Wilcox-Gay Corporation, Allen B. Du Mont Labs, Inc., Du Mont New York, Inc., The Maytag Company, Maytag-Atlantic Co., Inc., Warren-Connelly Company, Inc., Zenith Radio Corp., The Peerless Corp., Roto Broil Corp. of America, Jay Kay Retail Specialties Corp., Philco Corporation, Philco Distributors, Inc., Times-Appliance Co., Inc., Nash-Kelvinator Sales Corp., Motorola-New York, Inc., Gross Distributors, Inc., Perfection Stove Co., Servel, Inc., Wel-Built Stove Co., Inc., Vim Television and Appliance Stores, Inc., Davega Stores Corporation, Maytag Washer & Ironer Company, Inc., American Motor Sales Corp. (Kelvinator Div.), Defendants.

United States District Court
S. D. New York.

June 14, 1956.

to the Robinson-Patman Act and the Sherman Anti-Trust Law, 15 U.S.C. § 13, §§ 1–7, 15 U.S.C.A. §§ 13, 1–7, 15 note. The plaintiffs are nine retailers. engaged in the business of selling radio and television appliances. Two of the twenty-six defendants, Vim Television and Appliance Stores, Inc., and Davega Stores Corporation, are retailers in the same field. The other defendants are manufacturers or distributors of radio and television appliances. The action is brought as a class action under Rule 23 (a), Fed.Rules Civ.Proc. 28 U.S.C.

The complaint purports to set forth three causes of action, the first under the Robinson-Patman Act, the last two under § 1 of the Sherman Act. The defendants have moved to dismiss the complaint, or, in the alternative, to strike certain portions thereof. They also seek to dismiss the case as a class action, and to require that the claims against the respective defendants be separately stated and numbered. Three of the defendants have moved to dismiss pursuant to Rule 37(d) of the Federal Rules of Civil Procedure on the ground that plaintiffs wilfully failed to appear for the taking of depositions. Plaintiffs move to reopen that default.

■■ It is clear at the outset that this complaint is the product of careless draftsmanship and patent disregard for the basic considerations of the Federal Rules of Civil Procedure. Most of its allegations are substantially the same in form and effect as those considered by Judge Dawson in striking an amended complaint in Baim & Blank, Inc., v. Warren-Connelly Co., D.C., 19 F.R.D. 108. Similar complaints, containing substantially similar allegations and involving a number of the same defendants, have been dismissed by this Court with reasoned opinions in Baim & Blank, Inc., v. Admiral Corp., D.C.S.D.N.Y.1955, 132 F. Supp. 412, and Baim & Blank, Inc., v. Vim Television & Appliance Stores, Inc., D.C.S.D.N.Y., 139 F.Supp. 378. Provided with ample guidance for the preparation of these pleadings, plaintiffs have nevertheless proceeded with scant attention to the express views of this Court.

PALMIERI, District Judge.

This is an action for treble damages and injunctive relief brought pursuant

The complaint fails to indicate even the approximate dates when the discriminatory practices alleged in the first cause of action are claimed to have occurred or the conspiracies and contracts, in the second or third, to have been formed. The twenty-six defendants, with the exception of two specified to be suppliers and two identified as manufacturers, are collectively described as manufacturers or suppliers without further identification. Their addresses are omitted and their location defined only with the conclusory allegation that each transacts business in the Southern District of New York.

There is no "short and plain statement of the claim showing that the [plaintiffs are] entitled to relief". Rule 8(a), F.R. Civ.P. In the first cause of action, for violation of the Robinson-Patman Act, plaintiffs have failed to define the area in which they compete and in which competition was alleged to have been affected by defendants' discriminatory practices. They have failed adequately to describe the injuries allegedly suffered or to define the causal relationship between their damages and the discriminatory practices alleged. See Baim & Blank, Inc., v. Admiral Corp., supra. By stating the claims of all the plaintiffs against all the defendants collectively, they have deprived the defendants of notice of the precise nature of the claims that each will be required to meet. The first cause of action must be dismissed.

Plaintiffs' second cause of action incorporates the allegations of discriminatory practices set forth in the first and enumerates certain additional "competitive advantages" believed to have been granted by the defendants to all or some of the "favored competitors." With the further allegation that these "overt acts" are believed to have been committed "pursuant to contracts, combinations and conspiracies with some or all of the 'favored customers' having the effect of restraining trade," it purports to state a cause of action for violation of § 1 of the Sherman Act.

In Baim & Blank, Inc., v. Admiral Corp., supra [132 F.Supp. 413], this Court dismissed a Sherman Act complaint which failed to allege the "formation of a conspiracy" or anything other than conclusory statements to indicate that a combination had been formed. Here, plaintiffs have not only omitted facts showing the formation of a conspiracy; they have failed to identify the conspirators. Defendants can hardly be expected to meet allegations that they have entered into contracts or conspiracies with unidentified customers, for unidentified objects at unspecified times or places. A compilation of the overt acts alleged to have been effected pursuant to such contracts or conspiracies, provides no clarification, since none of them is identified with any particular defendant, customer, contract or arrangement. The second cause of action must be dismissed.

The third cause of action is subject to the same objections as the second. It is alleged here that various of the defendants described as suppliers, but nowhere identified, entered into agreements with two specified retailers to give those retailers the privilege of direct purchase from the manufacturers. To this end, the defendants involved are alleged to have "waived their exclusive rights to sell and distribute" certain branded products. The source of the rights waived is undefined. Presumably, they stemmed from agreement with the manufacturer defendants. The latter are alleged in another paragraph of this cause of action to have maintained a system of exclusive territorial distributorships. There is no allegation, however, that the manufacturer and distributor defendants were engaged together in any combination or conspiracy. Rather, a single, catch-all paragraph describes all the activities previously set forth as "overt acts * * * done pursuant to contracts, combinations and conspiracies in violation of § 1 of the Sherman Act." The parties to these unidentified arrangements are not specified and the complaint does not show which of the supplier defendants were in-

volved. These paragraphs do not state a cause of action under the Sherman Act. The third cause of action must be dismissed as to all the defendants.

*Misjoinder of Defendants*

█ With this analysis of the complaint, it is clear that defendants' contention that the parties defendant have been improperly joined must be sustained. The right of the plaintiffs to relief, if any, is not even claimed to have arisen out of the same series of transactions, except by virtue of the conspiracy charges. F.R.Civ.P. 20(a). Absent the allegation that all the defendants were parties to a single conspiracy affecting all of the plaintiffs, the latter afford no basis for joinder. The claim that each of the defendants individually engaged in a course of conduct motivated by similar considerations and benefiting some of the same customers does not present a common question of fact. The case as pleaded lacks even the factual considerations in common which might be raised by a complaint concerned with conditions and practices in a single limited competitive area. The only questions of law in common would be those common to any Robinson-Patman actions involving members of the same industry. Cf. Federal Housing Administration v. Christianson, D.C.D.Conn.1939, 26 F. Supp. 419.

█ Merely to state and number separately the claims against each defendant would not render this case manageable by a judge required to make the complicated claims and defenses in a case of this nature intelligible to the jury demanded by the plaintiffs. If the allegations were otherwise sustainable, the cases against each defendant would have to be severed in order to keep such a jury trial within reasonable compass.

*The Class Action*

█ The class as defined here would include any retailer purchasing these products from these defendants who had not received the special discounts, rebates and services alleged to have been given to the "favored competitors." The size of this class is not indicated, but in view of the number of defendants and the extensive nature of their businesses, it may be presumed that the group of retailers who might be included within it is large. Even were a conspiracy among all the defendants properly alleged, the situation would be different from that held appropriate for class action in Kainz v. Anheuser-Busch, Inc., 7 Cir., 1952, 194 F.2d 737, certiorari denied, 1952, 344 U.S. 820, 73 S.Ct. 17, 97 L.Ed. 638. See also Bascom Launder Corp. v. Telecoin Corp., 2 Cir., 204 F.2d 331, certiorari denied, 1953, 345 U.S. 994, 73 S.Ct. 1133, 97 L.Ed. 1401. In the Kainz case, one wholesaler defendant had followed a practice of discriminating in favor of two defendant-competitors of a group of retailer plaintiffs, all of whom competed with the favored competitors in a single area. In that area, according to the complaint, all prices to retailers other than the retailer defendants were uniformly the same. All sales were made for cash and were evidenced by sales slips, and plaintiffs alleged that the same proof and same witnesses would be offered in support of each claim. Kainz v. Anheuser-Busch, Inc., supra, 194 F.2d at page 742. In the present case, the conspiracy, if any, is alleged to be nationwide in scope. Assuming a single conspiracy of such extent could be proven, it is not apparent that all retailers affected by the conspiracy could be considered members of a class as contemplated by Rule 23(a) (3). The fact that the defendants did a nationwide business and entered into a conspiracy co-extensive with its scope would not necessarily create similar rights in all their customers. The right of any to seek a common relief in a single action would depend upon the similarity of their relationship with the defendants and the identity of their competitive situation vis-à-vis the favored competitors whose superior treatment affected them prejudicially. Much more than a difference in the amounts of their respective damages might be involved. Cf. Oppenheimer v. F. J. Young & Co., 2 Cir., 1944, 144 F.2d 387. The questions of whether each plaintiff or group of plain-

tiffs had been damaged at all and, if so, how, would have to be resolved by reference to different competitive situations. See Austin Theatre, Inc., v. Warner Bros. Pictures, Inc., D.C.S.D.N.Y., 1956, 19 F.R.D. 93; Baim & Blank, Inc., v. Warren-Connelly Co., D.C.S.D.N.Y., 1956, 19 F.R.D. 108.

The same considerations preclude a class action either under the first cause of action or under the last two, insofar as they purport to rely upon contracts or conspiracies among various of the defendants and their respective "favored customers." Were it not necessary to dismiss the entire complaint, plaintiffs would be required to eliminate the allegations concerning the class.

In view of the disposition of the previous motions, it is unnecessary to rule upon defendants' motion to dismiss under Rule 37(d). I am constrained to add, however, that were it necessary to rule thereon there is ample justification for granting the defendants' motion.

The complaint is dismissed. Settle order on notice.