NIAGARA OF BUFFALO, Inc., Plaintiff,

v.

NIAGARA MANUFACTURING AND DISTRIBUTING CORPORATION, Defendant.

Civ. A. No. 6963.

United States District Court
W. D. New York.

March 24, 1958.

Borins & Snitzer, Buffalo, N. Y. (Isadore Snitzer, Buffalo, N. Y., of counsel), for plaintiff.

Jaeckle, Fleischmann, Kelly, Swart & Augspurger, Buffalo, N. Y. (John B. Walsh, Buffalo, N. Y., of counsel), for defendant.

MORGAN, District Judge.

This is a motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss each count of the amended complaint of plaintiff for failure to state facts sufficient to constitute a cause of action, and for failure to state a claim upon which relief can be granted.

Suit is here brought under 15 U.S.C.A. § 15 for treble damages for violation of the Anti-trust laws. Counts I, III and IV allege violation of 15 U.S.C.A.·

## 850

§ 13, and Count II alleges violation of 15 U.S.C.A. § 14. Plaintiff has attached to the complaint two schedules, marked "A" and "B".

▇ The complaint does little more than allege the bare statutory language. The attached schedule "A" sets forth at some detail prices for various items paid over a five-year period by plaintiff to defendant. Schedule "B" sets forth the prices paid by third parties to defendant for similar items in 22 instances. Schedule "B" does not show the date or quantities of these transactions, but simply shows that the prices charged third persons were lower in most instances than those charged plaintiff. It might be noted here that there is considerable variation in the prices paid by plaintiff for the same items over the five-year period covered by schedule "A", and also a considerable variation in the prices paid by various of the third parties set forth in schedule "B". There is nothing to indicate that the same factors responsible for the price fluctuations shown in schedule "A" are not also responsible for the fluctuations shown in schedule "B", or for the differences between schedules "A" and "B", nor that they do not fall within the excluded categories of section 1 of the Robinson-Patman Act. In short, there is no explanation of the figures in the schedule and nothing, beyond mere repetition of the statute, to indicate that the price differential constitutes a violation of the statute. It should be noted here that the third parties listed in schedule "B" do not appear to have been competitors of plaintiff, none of them being closer than several hundred miles from Buffalo.

▇ Plaintiff has done nothing more than couple the short list of figures in schedule "B" with the language of 15 U.S.C.A. § 13. To allege factually a mere difference in price with nothing more, as a basis for, or in support of allegation of the bare statutory language, is to plead conclusions of law and to indulge in general allegations that defendant has violated various provisions of the Anti-trust laws. As Judge Dawson so appropriately stated in Baim & Blank, Inc., v. Warren-Connelly Co., D.C.N.Y. 1956, 19 F.R.D. 108, 109, "Such a pleading * * * 'becomes a springboard from which the parties dive off into an almost bottomless sea of interrogatories, depositions, and pre-trial proceedings on collateral issues, most of which may have little relationship to the true issue in the case.' * * * A judge who had to pass upon the propriety of interrogatories or on the relevance of questions on depositions, with nothing more to guide him than the present vague complaint, would be left completely at sea." A complaint under the Anti-trust laws should show the relationship of the parties, the specific acts complained of, and the relation of the acts to the damages claimed (Baim & Blank, supra). Preparation of a proper pleading for an anti-trust suit requires a statement of matters and their relation to each other considerably more extensive than in a simple pleading in negligence or on contract. National & Transcontinental Trading Corp. v. International G. E. Corp., D.C.N.Y.1954, 15 F.R.D. 379; Baim & Blank, supra.

The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved (Moore, Federal Practice (2d Ed.) Vol. 2, p. 1607) and the complaint herein might possibly be sufficient in the ordinary commercial case, but it does not allege the acts complained of with sufficient specificity to be a proper complaint in this type of action. Therefore, as to counts I, III and IV, the motion to dismiss the complaint is granted.

▇ Count II of the complaint alleges the existence of a contract between plaintiff and defendant forbidding plaintiff from dealing in the goods of competitors of defendant. Such a contract is a violation of 15 U.S.C.A. § 14, if it is such as to substantially lessen competition or tend to create a monopoly. No copy of the contract is attached to the complaint, and no facts are alleged which would indicate that the alleged contract falls within the prohibition of 15 U.S.

C.A. § 14. Here again, plaintiff has simply repeated the naked statutory language. Therefore, count II is dismissed as legally insufficient.

Motion by defendant to dismiss each count of the complaint for failure to state facts sufficient to constitute a cause of action and for failure to state a claim upon which relief can be granted, is granted. Order may enter accordingly.