**Adolph HOHENSEE, Plaintiff,**

v.

**AKRON BEACON JOURNAL PUBLISHING COMPANY et al., Defendants.**

**Civ. A. No. 34891.**

United States District Court
N. D. Ohio, E. D.
Feb. 20, 1959.

Adolph Hohensee, in pro. per.

Brouse, McDowell, May, Bierce & Wortman, Akron, Ohio (C. Blake McDowell, Akron, Ohio, of counsel), for defendants Akron Beacon Journal Publishing Co., John S. Knight and Robert Feldkamp.

John Lansdale, Jr., Peter D. Van Oosterhout, Cleveland, Ohio, for defendants American Medical Ass'n, its officers and members, John Doe No. 1, John Doe No. 2, John Doe No. 3 and John Doe No. 4.

Buckingham, Doolittle & Burroughs, Akron, Ohio (L. M. Buckingham, Dwight Parsons, Akron, Ohio, of counsel), for defendants Summit County Medical Soc., its officers and members, John Doe No. 5, John Doe No. 6, John Doe No. 7, John Doe No. 8.

Robert L. Myers, Akron, Ohio, for defendant Better Business Bureau of Akron.

William H. Vodrey, Jr., East Liverpool, Ohio, for defendants Brush-Moore Newspapers, Inc. and J. G. Green.

John R. Milligan, Jr., Leroy J. Contie, Jr., Canton, Ohio, for defendants W. J. Hine and John Doe No. 17 to John Doe No. 483.

McNAMEE, District Judge.

Plaintiff, a resident of Akron, Ohio, has filed a complaint against five corporations and four individuals under the antitrust laws of the United States, in which he seeks treble damages in the sum of $10,000,000. Plaintiff alleges he is engaged in interstate commerce in the following businesses: Lecturing, public relations, selling of food products, selling of other products, publishing, writing and distributing books, periodicals and other publications, other businesses. He alleges that defendants conducted a conspiracy against him in restraint of interstate trade and commerce "consisting of the following acts: libel, slander, destruction of businesses, other unlawful acts." He alleges further that defendants have slandered and libeled him by various newspaper articles, to which reference is made in the complaint. He claims that as a result of the alleged conspiracy he was injured in the destruction of his lecturing business, destruction of products sales, destruction of health, loss of freedom and liberty, other losses, injuries and damages.

Defendant American Medical Association has filed a Motion to Quash Service supported by an affidavit showing that the Association is not incorporated in Ohio; that the physician served with process was not an agent of the Association and that the Association has no office in Ohio. The Motion to Quash is granted. See Polhemus v. American Medical Ass'n, 10 Cir., 145 F.2d 357.

The Motion of the American Medical Association to dismiss for want of proper venue is also granted.

Defendants Beacon Journal Publishing Company (erroneously named as

92

Akron Beacon Journal Publishing Company), John S. Knight, Robert Feldkamp, Better Business Bureau of Akron, Inc., Brush-Moore Newspapers, Inc., J. G. Green and W. J. Hine have filed Motions to Dismiss on the grounds: (1) Lack of jurisdiction of the subject matter; (2) Failure to state a claim on which relief can be granted.

The foregoing motions are granted on the ground that plaintiff has failed to state a claim on which relief can be granted. Black & Yates v. Mahogany Ass'n, 3 Cir., 129 F.2d 227, 148 A.L.R. 841. Plaintiff must allege facts from which it may be inferred reasonably that the public has suffered injury. Klor's, Inc. v. Broadway-Hale Stores, Inc., 9 Cir., 255 F.2d 214. Such facts must constitute a restraint of interstate commerce. Nelson Radio & Supply Co. v. Motorola, Inc., 5 Cir., 200 F.2d 911. Restraint of interstate commerce and injury to the public must be stated specifically even under the notice theory of pleading. Baim & Blank, Inc. v. Warren-Connelly Co., D.C., 19 F.R.D. 108; Kinnear Weed Corp. v. Humble Oil & Refining Co., 5 Cir., 214 F.2d 891; Shotkin v. General Electric Co., 10 Cir., 171 F.2d 236; Bader v. Zurich General Accident & Liability Ins. Co., D.C., 12 F.R.D. 437.

The antitrust laws do not purport to afford remedies for all torts committed by or against persons engaged in interstate commerce. Whether plaintiff has a cause of action for slander or libel is not a matter for determination in this action. See Hunt v. Crumboch, 325 U.S. 821, at page 826, 65 S.Ct. 1545, 89 L.Ed. 1954.

Plaintiff's request for leave to file an Amended Complaint is overruled. However, plaintiff may file a Motion for Leave to File an Amended Complaint, accompanied by the proposed amended pleading and a certification showing that copies thereof have been served on all moving defendants except defendant American Medical Association.