Adolph HOHENSEE, Plaintiff,

v.

AKRON BEACON JOURNAL PUBLISH-ING COMPANY et al., Defendants.

Civ. A. No. 34891.

United States District Court
N. D. Ohio, E. D.

June 9, 1959.

---

Adolph Hohensee, plaintiff, in pro. per.

Brouse, McDowell, May, Bierce & Wortman, Akron, Ohio (C. Blake Mc-Dowell, Akron, Ohio, of counsel), for

defendants Akron Beacon Journal Pub. Co., John S. Knight and Robert Feldkamp.

John Lansdale, Jr., Peter D. Van Oosterhout, Cleveland, Ohio, for defendants American Medical Assn., its officers and members.

Buckingham, Doolittle & Burroughs, Akron, Ohio (L. M. Buckingham, Dwight Parsons, Akron, Ohio, of counsel), for defendants Summit County Medical Society, its officers and members.

Robert L. Myers, Akron, Ohio, for defendant Better Business Bureau of Akron.

William H. Vodrey, Jr., East Liverpool, Ohio, for defendants Brush-Moore Newspapers, Inc. and J. G. Green.

John R. Milligan, Jr., Leroy J. Contie, Jr., Canton, Ohio, for defendants W. J. Hine and others.

McNAMEE, District Judge.

This Court has heretofore granted the motion of defendant American Medical Association to quash the service of summons upon said defendant and entered an order dismissing the action against said defendant. Motions to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted filed by all other defendants except The Summit County Medical Association were granted for the reasons set forth in this Court's Memorandum filed February 20, 1959 (D.C., 171 F.Supp. 90). Pursuant to permission granted plaintiff moves for leave to file the amended complaint which is attached to his motion.

Notwithstanding the dismissal of the action against the American Medical Association, plaintiff named said defendant as a party in the proposed amended complaint. While the amended complaint contains averments not found in the original complaint, it fails to cure the basic defect of the original pleading. It is not reasonably to be inferred from the averments of the amended complaint that the public has suffered an injury in the sense that term is used in relation to the anti-trust laws. On the contrary, the amended complaint, read as a whole, seems clearly to relate solely to a private controversy between plaintiff and defendants.

In Apex Hosiery Co. v. Leader, 310 U.S. 469, 500, 60 S.Ct. 982, 996, 84 L.Ed. 1311, the Supreme Court said:

" * * * this Court has not departed from the conception of the Sherman Act as affording a remedy, public and private, for the public wrongs which flow from restraints of trade in the common law sense of restriction or suppression of commercial competition. In the cases considered by this Court since the Standard Oil case [Standard Oil Co. of New Jersey v. United States, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619] in 1911 some form of restraint of commercial competition has been the *sine qua non* to the condemnation of contracts, combinations or conspiracies under the Sherman Act, and in general restraints upon competition have been condemned only when their purpose or effect was to raise or fix the market price. (Citations) It is in this sense that it is said that the restraints, actual or intended, prohibited by the Sherman Act are only those which are so substantial as to affect market prices. Restraints on competition or on the course of trade in the merchandising of articles moving in interstate commerce is not enough, unless the restraint is shown to have or is intended to have an effect upon prices in the market or otherwise to deprive purchasers or consumers of the advantages which they derive from free competition." (Citations.)

There are no allegations in the amended complaint which expressly state or even remotely imply a restraint on competition in interstate commerce which "is shown to have or is intended to have an effect upon prices in the market or otherwise to deprive purchasers or consumers of the advantages which they derive from free competition."

[2] The gist of plaintiff's claim is set forth in paragraphs 5 and 6 of the amended complaint, wherein he avers in substance that in furtherance of the alleged conspiracy, defendant, W. J. Hine, threatened to "throw plaintiff out of Canton;" that as a result of the alleged harassment and threats plaintiff was compelled to discontinue his lectures and sale of products in Canton, Ohio; that "he transferred his lectures and speeches to Akron, Ohio" where, according to plaintiff, defendants continued their conspiracy of harassment and threats and did unlawfully "screen and distort the true nature of his lectures; and did resort to unfair and unlawful methods to discourage the public from attending his said lectures." Plaintiff also re-avers in substance the allegations of libel and slander contained in his original complaint. As a result of these and other similar general allegations plaintiff claims he was damaged in the following respects:

    (a) Destruction of lecture business;

    (b) Destruction of products sales business;

    (c) Destruction of health;

    (d) Loss of freedom and liberty;

    (e) Other losses and damages.

His allegation of public injury is stated as follows:

> "As a result of the foregoing combination and conspiracy in restraint of interstate trade and commerce the public was directly and indirectly substantially injured and damaged."

It does not appear that the defendants Summit County Medical Society or the Better Business Bureau of Akron are commercial organizations engaged in any business for profit. Nor does it appear that defendant, W. J. Hine, is engaged in business. The Beacon Journal Publishing Company and Brush-Moore Newspapers, Inc. obviously are commercial organizations but no showing is made that any of the defendants are engaged in competition with plaintiff or that in performing the alleged acts they were motivated by any purpose inimical to the public interest. Indeed, from all that appears, it is as reasonably to be inferred that the defendants were acting in the furtherance of the public interest as it is to draw the contrary inference. More importantly, it does not appear that the alleged acts of defendants had any effect on prices or lessened or suppressed competition. These are among the essential elements of a private antitrust action. Arthur v. Kraft-Phenix Cheese Corp., D.C., 26 F.Supp. 824. There is no allegation that suggests a business motive for defendants' allegedly conspiratorial acts nor is there any allegation that defendants sought to accomplish any of the traditional objects which have been found to be actionable under the antitrust laws. Compare: State of Georgia v. Pennsylvania R. Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051; Terminal Warehouse Co. v. Pennsylvania R. Co., 297 U.S. 500, 56 S.Ct. 546, 80 L.Ed. 827.

    The amended complaint is deficient in other respects. It fails to set forth in detail the relationship of the parties. The nature of the business of defendant W. J. Hine, if any, is not shown. For ought that appears, said defendant may have been acting as a public official at the time of the alleged threats. Relationship of defendants who were residents of Canton and those who were residents of Akron does not appear and there is an absence of any indication of the relation of the named defendants to the several hundred John Doe defendants. It is settled that an antitrust complaint must be detailed and specific. Baim & Blank, Inc. v. Warren-Connelly Co., D.C.S.D.N.Y.1956, 19 F.R.D. 108; Bader v. Zurich General Accident & Liability Ins. Co., D.C.S.D.N.Y.1956, 12 F.R.D. 437; Charles Rubenstein, Inc. v. Columbia Pictures Corp., D.C.Minn.1953, 14 F.R.D. 401.

Antitrust cases involve lengthy and expensive trials. The courts are mindful of the possibility that a frivolous claim in such an action may become "a springboard from which the parties dive off into an almost bottomless sea of inter-

rogatories, depositions and pre-trial proceedings on collateral issues, most of which may have little relationship to the true issue of the case." New Dyckman Theater Corp. v. Radio-Keith-Orpheum Corp., D.C.S.D.N.Y.1956, 16 F.R.D. 203, at page 206.

The defendant, Summit County Medical Society, has moved for summary judgment. Its motion will be treated as a motion to dismiss on the ground that plaintiff has failed to state a claim on which relief may be granted and, as so treated, the motion is granted.

Plaintiff has been granted one opportunity to move to file an amended complaint. For the reasons indicated above, the proffered amended complaint fails to state a claim on which relief may be granted and it does not appear likely that if afforded another opportunity plaintiff could present such a claim.

The motion for leave to file an amended complaint is overruled and the action is dismissed at plaintiff's costs.