**Adolph HOHENSEE, Appellant,**

v.

**AKRON BEACON JOURNAL PUBLISH-
ING COMPANY et al., Appellees.**

**No. 14031.**

United States Court of Appeals
Sixth Circuit.

May 13, 1960.

See also 174 F.Supp. 450.

James C. Newton, Washington, D. C., for appellant.

C. Blake McDowell, Jr., Akron, Ohio, for Beacon Journal Publishing Co., Robert Feldkamp, and John S. Knight.

Robert L. Myers, Akron, Ohio, for Better Business Bureau of Akron, Inc.

William H. Vodrey, Jr., E. Liverpool, Ohio, for Brush-Moore Newspapers, Inc., and John G. Green.

L. M. Buckingham and Dwight Parsons, Akron, Ohio, for Summit County Medical Society and members served.

Before SIMONS, Senior Judge, WEICK, Circuit Judge, and HOLLAND, District Judge.

PER CURIAM.

The appellant, as plaintiff, wanted $10,-000,000 in treble damages from numerous defendants, with interest, counsel fees and costs, for injuries growing out of an alleged conspiracy to violate the Sherman Anti-Trust Act, as amended, 15 U.S.C.A. §§ 1–7, 15 note. He listed as defendants: the American Medical Association, its officers and members, the Akron Beacon Journal Publishing Company, John S. Knight and Robert Feldkamp, the Summit County Medical Society, its officers and members, the Better Business Bureau of Akron, the Brush-Moore Newspapers, Inc., W. J. Hine, and some five hundred "John Does". The asserted damages are alleged to flow from libel, slander, destruction of businesses, and other "unlawful overt acts". The complaint recites, without supporting facts, destruction of a lecture and products' sales businesses, injuries to health, loss of freedom and liberty, and other injuries. The recitals of the complaint alleged no more than vague conclusions, capable of no intelligent response.

Upon examination of the complaint and of various motions to dismiss, the Court concluded that it lacked jurisdiction of the subject matter and that the complaint failed to state a claim upon which relief could be granted. The Court ordered the action dismissed as to all defendants on the ground that the plaintiff had failed to allege facts from which it

**360**

may reasonably be inferred that the public has suffered injury, pointing out that injury to the public must specifically be stated and constitute a restraint of interstate commerce. Its opinion, 171 F. Supp. 90, is clear and supported by applicable cases.

While the plaintiff's request for leave to file an amended complaint was overruled, he was permitted to file a motion for leave to file an amended complaint accompanied by the proposed amended pleading and a certification showing that copies thereof had been served upon all moving defendants. Pursuant to the granted permission, the plaintiff filed what purported to be an amended complaint. The Court denied permission to file and supported the order by a careful memorandum, filed June 9, 1959, D.C., 174 F.Supp. 450. It is from the order of dismissal and the order denying leave to file the proffered amended complaint that this appeal is lodged. The infirmities of the original complaint are not dissipated by the amended pleading.

The decision was sound and the challenged orders are,

Affirmed.