318 F.2d 283
 ACE BEER DISTRIBUTORS, INC., Plaintiff-Appellant,
v.
KOHN, INC., The Kohn Brewery Co., Pauline Kohn, Adam J. Kohn, Stephen Zarich and Peter Zarich, Defendants-Appellees.
ACE BEER DISTRIBUTORS, INC., Plaintiff-Appellant,
v.
The STROH BREWERY COMPANY and Morton R. Engel, Defendants-Appellees.
 No. 14808.
 No. 14974.
 United States Court of Appeals Sixth Circuit.
 June 11, 1963.
 
 Myron N. Krotinger, Cleveland, Ohio, for appellant, Lane, Krotinger & Santora, David F. Dobbins, Cleveland, Ohio, on the brief.
 C. Kenneth Clark, Jr., Youngstown, Ohio, for appellees, Kohn, Inc., and others, Harrington, Huxley & Smith, C. Kenneth Clark, Youngstown, Ohio, on the brief.
 Rockwell T. Gust, Detroit, Mich., for appellees, Stroh Brewery Co. and others, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., Arter, Hadden, Wykoff & Van Duzer, Sumner Canary, Cleveland, Ohio, on the brief.
 Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 The plaintiff, Ace Beer Distributors, Inc., brought this action under the Sherman Antitrust Act and the Clayton Act, Sections I et seq., Title 15 United States Code, seeking triple damages in the amount of $750,000.00 from the eight defendants, who are the appellees in these two appeals, for alleged violation of the provisions of the Antitrust Laws. Diversity of citizenship does not exist and jurisdiction is restricted to the alleged violation of the antitrust laws. Section 15, Title 15, United States Code.
 
 
 2
 Following the filing of the complaint, the plaintiff moved for a preliminary injunction which the District Judge denied. This ruling was affirmed by this Court without opinion. Ace Beer Distributors, Inc. v. Kohn, Inc., et al., 280 F.2d 424, C.A.6th. Answers to the complaint were promptly filed by the various defendants and extensive discovery proceedings were undertaken by both sides. The action was pretried in May 1961. Thereafter, and before trial, six of the defendants, who are appellees in appeal No. 14808, concluded that the complaint did not state a claim upon which relief could be granted and on June 30, 1961, they moved for judgment on the pleadings upon the ground that the complaint failed to state a claim upon which relief could be granted. On November 8, 1961, the District Judge sustained this motion and entered an order dismissing the action. Appeal No. 14808 followed. Two of the defendants, The Stroh Brewery Company and Morton R. Engel, its Ohio Sales Manager, did not join in the motion, but later filed their separate motion to the same effect, which the District Judge sustained by order of March 2, 1962. Appeal No. 14974 was taken from that order. The appeals have been consolidated in this Court.
 
 
 3
 Appellant's brief states in considerable detail the facts as developed by the pretrial depositions and the argument on appeal is based to a large extent upon appellant's evaluation of this testimony. Appellees not only disagree with this evaluation of the testimony but take the position that since the only question before the Court on this appeal is whether the complaint states a claim upon which relief can be granted the pretrial testimony discussed by the appellant is not before the Court and should not be considered. We are of the opinion that this is the correct view in the matter. Accordingly, our consideration of this appeal will be restricted to the allegations of the complaint.
 
 
 4
 The material allegations of the complaint are as follows: The defendant Stroh Brewery Company, hereinafter referred to as Stroh, is an Arizona corporation having its principal place of business in Detroit, Michigan. The plaintiff is an Ohio corporation and a wholly owned subsidiary of the Genesee Distributing Company, hereinafter referred to as Genesee. At the times referred to plaintiff and Stroh were engaged in interstate commerce. Stroh's beer moved from Detroit, Michigan in a regular continuous and uninterrupted flow to distributors and ultimate users in Ohio.
 
 
 5
 Since the year 1936 Genesee and Stroh had been operating under an agreement which was to be in full force and effect for an indefinite term, wherein Genesee was designated the exclusive distributor in Mahoning and Trumbull Counties, Ohio of beer and other products manufactured by Stroh. In January 1956, Genesee and Stroh agreed that Genesee would set up a separate organization to distribute Stroh products exclusively. Accordingly, Genesee caused the plaintiff, Ace Beer Distributors, to be incorporated, whereupon the plaintiff was substituted for Genesee as the exclusive Stroh distributor in Mahoning and Trumbull Counties, Ohio.
 
 
 6
 Stroh was the only company for which the plaintiff acted as a distributor and it was the plaintiff's sole source and supply of merchandise for distribution and sale. Plaintiff fulfilled every requirement of its distributorship agreement and exerted its best efforts to sell and promote the sale of Stroh's products, and to that end incurred considerable sales and advertising expenses.
 
 
 7
 The complaint alleges that thereafter the defendants maliciously conspired to destroy plaintiff's business and to eliminate plaintiff as a beer distributor in interstate commerce and that the following steps were taken to consummate said conspiracy. The defendants secretly agreed that Stroh would cancel plaintiff's distribution franchise without giving plaintiff any prior notice and would simultaneously issue a new franchise to a corporation, Kohn, Inc., to be formed by the defendants, The Kohn Beverage Company, Pauline Kohn, and Adam J. Kohn; that pursuant to this conspiracy the defendants caused Kohn, Inc. to be incorporated on March 30, 1959; that the defendants, under false names and without disclosing the intended purpose, thereafter negotiated a lease for a suitable building in the Youngstown area from which Kohn, Inc. could operate; that the defendants further obtained a fleet of trucks from the Kohn Beverage Company of Akron, Ohio which were placed in readiness to commence operations as soon as Kohn, Inc. obtained a permit from the Ohio Department of Liquor Control and as soon as plaintiff's Stroh franchise was cancelled; that Kohn, Inc. obtained a permit from the Ohio Department of Liquor Control on April 17, 1959; that in furtherance of the conspiracy the defendants, or some of them, contacted plaintiff's manager, the defendant Stephen Zarich, a long trusted and key employee of the plaintiff, and also contacted his brother, the defendant Peter Zarich, Genesee route superintendent, who was also a long trusted and key employee, for the purpose of reaching a secret agreement with them that they would join the staff of Kohn, Inc. upon the obtaining by Kohn, Inc. of the distributorship of Stroh's beer in Mahoning and Trumbull Counties, Ohio; that at the instance of the defendants, Stephen Zarich and Peter Zarich contacted plaintiff's truck drivers and salesmen to induce them to leave the plaintiff en masse; on April 20, 1959 Stroh, tortiously and in furtherance of the conspiracy, cancelled plaintiff's franchise for the distribution of Stroh's beer and then promptly commenced selling merchandise to Kohn, Inc. for distribution and sale in Mahoning and Trumbull Counties, Ohio; that immediately after Stroh's cancellation of plaintiff's franchise, Stephen Zarich and Peter Zarich left their respective employments without any notice to their respective employers, and all but two of plaintiff's drivers and salesmen suddenly without notice to the plaintiff quit its employ on that day and immediately began employment with Kohn, Inc.; that the defendants knew that in the then state of the Youngstown labor market it would be impossible for plaintiff to hire other employees with comparable training and experience and that plaintiff's business would necessarily be destroyed, and that defendants have substantially destroyed plaintiff's business and have substantially destroyed plaintiff as a beer distributor in interstate commerce.
 
 
 8
 The District Judge in a Memorandum Opinion carefully analyzed the allegations of the complaint and concluded that even if it be conceded that a conspiracy existed, the object to be achieved was not one rendered obnoxious by the Sherman Act. Relying strongly upon Schwing Motor Company v. Hudson Sales Corp., D.C., 138 F.Supp. 899, affirmed 239 F.2d 176, C.A.4th, cert. denied, 355 U.S. 823, 78 S.Ct. 30, 2 L.Ed.2d 38, and Packard Motor Car Co. v. Webster Motor Car Co., 100 U.S.App.D.C. 161, 243 F.2d 418, cert. denied, 355 U.S. 822, 78 S.Ct. 29, 2 L.Ed. 2d 38, he entered judgments dismissing the complaint as to all defendants.
 
 
 9
 In considering the issue in this case, it must be kept in mind that plaintiff is not seeking a recovery for an alleged breach of contract or damages based on any common law action for tortious interference with contract rights or for unfair competition or for any common law tort. Whether a right of damages exists in some other action based on breach of contract or tort, is not before us in this case. Whether a cause of action exists under the antitrust laws is the sole issue in this case. In that connection it is well settled that tortious conduct against one engaged in interstate commerce or which has an effect on interstate commerce does not automatically constitute a violation of the Sherman Act. Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311; Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464; Hunt v. Crumboch, 325 U.S. 821, 65 S.Ct. 1545, 89 L.Ed. 1954.
 
 
 10
 Section 1 of the Sherman Act provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is declared to be illegal: * * *." Section 2 of the Act makes illegal any conspiracy to monopolize any part of the trade or commerce among the several states. Section 15 confers a right of action for triple damages upon any person injured in his business or property by reason of anything forbidden in the antitrust laws.
 
 
 11
 In essence, the complaint charges that the defendants conspired to destroy plaintiff's business and to eliminate it as a beer distributor in interstate commerce and that this result was accomplished by the termination by Stroh of plaintiff's franchise as its beer distributor and thereafter conducting its business through another distributor. Paragraphs 13 and 17 of the complaint.
 
 
 12
 That, without the results proscribed by the Sherman Act, is not a violation of the Act. A manufacturer has a right to select its customers and to refuse to sell its goods to anyone, for reasons sufficient to itself. United States v. Colgate & Co., 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992. A refusal to deal becomes illegal under the Act only when it produces an unreasonable restraint of trade, such as price fixing, elimination of competition or the creation of a monopoly. United States v. Parke, Davis & Co., 362 U.S. 29, 32, 80 S.Ct. 503, 4 L.Ed.2d 505; Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219; Lorain Journal Co. v. United States, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162. The fact that a refusal to deal with a particular buyer without more, may have an adverse effect upon the buyer's business does not make the refusal to deal a violation of the Sherman Act. Damage alone does not constitute liability under the Act.
 
 
 13
 The present case does not involve price fixing. Nor does it involve an attempt to create a monopoly. The Stroh Brewery Company had one distributor in the territory under consideration before it terminated the plaintiff's franchise. It continued to have only one distributor thereafter. There is no allegation or contention that the beer of other breweries was not just as available in that area after the change in distributors as it was before. See: United States v. E. I. Du Pont De Nemours & Co., 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264.
 
 
 14
 Unless it can be said that the refusal to deal with plaintiff had the result of suppressing competition and thus constituted "restraint of trade" within the meaning of Section 1 of the Sherman Act, there is no violation of the Act. We do not think that the substitution by Stroh Brewery Company of one distributor for another had this result.
 
 
 15
 It is well settled that the "restraint of trade" referred to in Section 1 of the Act, means only unreasonable restraint of trade, in that, as the cases point out, every commercial contract has some restraining effect upon trade. Standard Oil Co. of New Jersey v. United States, 221 U.S. 1, 51, 31 S.Ct. 502, 55 L.Ed. 619; United States v. American Tobacco Co., 221 U.S. 106, 179-180, 31 S.Ct. 632, 55 L.Ed. 663; Chicago Board of Trade v. United States, 246 U.S. 231, 238-239, 38 S.Ct. 242, 62 L.Ed. 683. The substitution of one distributor for another in a competitive market of the kind herein involved does not eliminate or materially diminish the existing competition of distributors of other beers, is not an unusual business procedure, and, in our opinion, is not an unreasonable restraint of trade. Hohensee v. Akron Beacon Journal Publishing Co., D.C., 171 F.Supp. 90, 174 F.Supp. 450, affirmed 277 F.2d 359, C.A.6th, cert. denied, 364 U.S. 914, 81 S.Ct. 277, 5 L.Ed.2d 227; Kinnear-Weed Corp. v. Humble Oil & Refining Co., 214 F.2d 891, C.A.5th, cert. denied, 348 U.S. 912, 75 S.Ct. 292, 99 L.Ed. 715.
 
 
 16
 Plaintiff relies strongly upon Klor's v. Broadway-Hale Stores, 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741, and two cases from this Court, Englanders Motors v. Ford Motor Co., 267 F.2d 11, C.A.6th and Crane Distributing Co. v. Glenmore Distilleries, 267 F.2d 343, C.A.6th. The factual differences between those cases and our present case are very material. The Klor case involved a group boycott or concerted refusal by a number of traders to deal with a single trader. It was not, as the opinion expressly stated (359 U.S. p. 212, 79 S.Ct. p. 709, 3 L.Ed.2d 741) a case of a single trader refusing to deal with another, nor even of a manufacturer and a dealer agreeing to an exclusive distributorship. Both the Englanders Motors case and the Crane case involved price fixing. Their rulings are accordingly not applicable to the present case.
 
 
 17
 We are of the opinion that the District Judge was not in error in dismissing the complaint. Schwing Motor Company v. Hudson Sales Corp., supra, 138 F.Supp. 889, affirmed, 239 F.2d 176, C.A.4th, cert. denied, 355 U.S. 823, 78 S.Ct. 30, 2 L.Ed. 2d 38; Packard Motor Car Co. v. Webster Motor Car Co., supra, 100 U.S.App. D.C. 161, 243 F.2d 418, cert. denied, 355 U.S. 822, 78 S.Ct. 29, 2 L.Ed.2d 38; Parmelee Transportation Co. v. Keeshin, 292 F.2d 794, C.A.7th, cert. denied, 368 U.S. 944, 82 S.Ct. 376, 7 L.Ed.2d 340, rehearing denied, 368 U.S. 972, 82 S.Ct. 437, 7 L.Ed.2d 401.
 
 
 18
 The judgments are affirmed.