461 F.2d 1093
 1972 Trade Cases P 74,009
 ARK DENTAL SUPPLY COMPANY is a copartnership consisting of
Archie Sherman and Robert Sherman
v.
CAVITRON CORPORATION et al. Appeal of ARK DENTAL SUPPLY COMPANY.
 No. 71-1668.
 United States Court of Appeals,
Third Circuit.
 Argued May 23, 1972.
Decided May 25, 1972.
 
 A. E. Hurshman, Philadelphia, Pa., for appellant.
 Gerald Sobel, New York City, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for appellee.
 Before STALEY, ALDISERT and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This appeal is from summary judgment entered in the district court, 323 F.Supp. 1145, in favor of defendants. Plaintiff-appellant alleged that the defendants had violated Sec. 1 of the Sherman Act by conspiring to terminate their business relationship with appellant.
 
 
 2
 Plaintiff had been distributing a product manufactured by Coles Electronic Corporation ("Coles"), a subsidiary corporation owned by Cavitron Corporation. In response to an order placed with Coles in July of 1970, plaintiff was advised by letter that sales of Coles products were being restricted to Clev-Dent, a division of Cavitron. The record shows that there are approximately 350 Clev-Dent dealers in the United States and five in the Philadelphia area where appellant does business.
 
 
 3
 Plaintiff's theory of recovery is that Cavitron conspired with Coles and Clev-Dent to restrict the sales of the Coles product exclusively to 350 dealers, thereby restraining trade and creating a monopoly. Plaintiff relies on the decisions of the Supreme Court in United States v. Arnold Schwinn & Co., 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967), and Klor's, Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959).
 
 
 4
 We do not view either Schwinn or Klors as applicable to the instant case. As was noted by the district court, the instant case bears no resemblance to Schwinn since here there are no restrictions imposed on territory or product and no restrictions on transfer of title or resale. Neither is this case controlled by Klors because here there is no wide combination of manufacturers and distributors whose objective is to drive the appellant out of business.
 
 
 5
 We deem the decision of the Ninth Circuit in Joseph E. Seagram & Sons, Inc. v. Hawaiian Oke & Liquors, Ltd., 416 F.2d 71 (C.A.9, 1969), cert. denied, 396 U.S. 1062, 90 S.Ct. 752, 24 L.Ed.2d 755 (1970), to be dispositive of the instant case. In a thorough and well-researched opinion, the court, speaking through Judge Duniway, held that it is indisputable that a single manufacturer or seller can ordinarily stop doing business with A and transfer his business to B and that such a transfer is valid even though B may have solicited the transfer and even though the seller and B may have agreed prior to the seller's termination of A.
 
 
 6
 Here, there was nothing more than a business decision to sell only to the dealers of Cavitron's Clev-Dent division. We can find no violation of Sec. 1 of the Sherman Act in such a decision.[1] See also Tripoli Co. v. Wella Corp., 425 F.2d 932 (C.A.3), cert. denied, 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed.2d 62 (1970); Instant Delivery Corp. v. City Stores Co., 284 F.Supp. 941 (E.D.Pa.1968); Peerless Dental Supply Co. v. Weber Dental Mfg. Co., 283 F.Supp. 288 (E.D.Pa., 1968).
 
 
 7
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 There is ample authority for holding that the conspiracy required to find a Sec. 1 violation cannot be found here since Clev-Dent is a division of Cavitron, and Coles and Cavitron have never held themselves out as competitors. Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc., 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219 (1951); Joseph E. Seagram & Sons, Inc. v. Hawaiian Oke & Liquors, Ltd., 416 F.2d 71 (C.A. 9, 1969), cert. denied, 396 U.S. 1062, 90 S.Ct. 752, 24 L.Ed.2d 755 (1970); Beckman v. Walter Kidde & Co., 316 F.Supp. 1321 (E.D. N.Y., 1970), aff'd per curiam, 451 F.2d 593 (C.A. 2, 1971)