**MONROE COMPANY OF QUINCY**

v.

**AMERICAN STANDARD INC.**

**Civ. A. No. 73–1957–F.**

United States District Court,
D. Massachusetts,
Civil Division.
Oct. 24, 1973.

Leo T. Scarry, John H. Studley, Hingham, Mass., for plaintiff.

Edwin A. McCabe, Widett & Widett, Jerome Gotkin, Boston, Mass., for defendant.

## ORDER

FREEDMAN, District Judge.

Plaintiff alleges a violation by the defendant of Section 2 of The Robinson-Patman Act, 49 Statutes 1526, 15 U.S.C. § 13. The case is presently before the Court on defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. For purposes of this motion the Court will accept the allegations of the complaint as true.

After due consideration of oral arguments heard on September 19, 1973 and study of written briefs filed by the parties and pertinent pleadings in this matter, the Court ORDERS that defendant's motion to dismiss be and is allowed.

Defendant has been and is now engaged in the sale and distribution in interstate commerce of plumbing and heating supplies and equipment. Plaintiff is a wholesale dealer of these types of supplies and for some forty-seven (47) years is alleged to have promoted, sold, and furnished to the plumbing and heating trades, the products of the defendant. It is alleged that plaintiff advertised extensively during these many years as a dealer in defendant's products. About November 1, 1972, defendant gave plaintiff five months' notice that it would terminate their business relationship. Defendant has since refused to accept orders from plaintiff. Plaintiff alleges defendant continues to sell such supplies to competitors of the plaintiff and that this amounts to discrimination against the plaintiff in violation of 15 U.S.C. § 13. Plaintiff seeks treble damages pursuant to 15 U.S.C. § 15 in the amount of three million dollars ($3,000,000).

It is well settled that the Act does not require a seller to do business with anyone he chooses not to deal with. Naifeh v. Ronson Art Metal Works, 218 F.2d 202, 206 (10th Cir., 1954), and cases cited therein. It is also well settled that for any discrimination in price "between different purchasers" to have taken place within the meaning of the Act,

there must have been at least two purchases. "The term purchaser means simply one who purchases, a buyer, a vendee. It does not mean one who seeks to purchase . . ." Shaw's Inc. v. Wilson-Jones Co., 105 F.2d 331, 333 (3rd Cir., 1939). The Court also must take note of the language of the Act itself to the effect that Congress did not intend to prevent sellers from selecting their own customers in bona fide transactions and not in restraint of trade.

The complaint presently before the Court does not sufficiently allege conduct on the part of the defendant which is proscribed by the Act. It merely alleges that defendant stopped doing business with plaintiff and continued to do business with others. "And termination of one distributor in favor of another has been upheld as perfectly lawful and not in restraint of trade under the Clayton Act as amended by the Robinson-Patman Act." New Amsterdam Cheese Corp. v. Kraftco Corp., 363 F.Supp. 135 (S.D.N.Y.1973).

Accordingly, defendant's motion to dismiss is allowed.