**Stanton L. BLACK et al.**

**v.**

**ECONO–CAR INTERNATIONAL, INC., et al.**

**Civ. A. No. 75–370–C.**

United States District Court,
D. Massachusetts.

Nov. 28, 1975.

Gael Mahony, Russell K. Osgood, Hill & Barlow, Boston, Mass., for plaintiffs.

John R. Hally, Edward P. Leibensperger, Nutter, McClennen & Fish, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which jurisdiction of this Court is claimed both on the basis of a federal question, and on the basis of diversity jurisdiction. Count I of the Complaint is brought on the basis of the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. §§ 15 and 26. Counts 2 through 18 sound in contract and tort.

The matter came before the Court for hearing on the basis of a prayer in defendants' counterclaim for an order under 9 U.S.C.A. § 3 staying the case and all proceedings therein in order to allow the parties to proceed to arbitration in accordance with the provisions for arbitration contained in several of the contracts involved in this case. Defendants also seek an order under 9 U.S.C. § 4 directing the parties to proceed with the arbitration of all contracts containing arbitration clauses.

The matter was briefed and argued by counsel, and, after hearing, I rule as follows:

An examination of the Complaint and the briefs establishes that the contracts contained in Counts 3, 4, 8, 9, 11, 12 and 13 contain arbitration clauses, and that the contracts contained in Counts 2, 7, 10, 14, 15, 16 and 17 do not contain arbitration clauses. The contracts described in Counts 5 and 6 also contain arbitration clauses, but the parties are not in agreement as to whether or not arbitration may be ordered as to the contracts described in Counts 5 and 6.

A number of the Counts in the counterclaim also refer to contracts which contain arbitration clauses.

The parties take polar positions as to whether the anti-trust aspects of plaintiffs' claim permeate the entire case, or, conversely, whether the contractual aspects of the claim permeate the entire case.

I am persuaded on the present state of the record, that the major position of this case is primarily for breach of a number of contracts and for tortiously inducing the breach of several contracts. The validity of the anti-trust claim is certainly open to question in light of *Alpha Distrib. Co. of Cal., Inc. v. Jack Daniel Distillery*, 454 F.2d 442, 452 (9 Cir. 1972); *Ace Beer Distributors, Inc. v. Kohn, Inc.*, 318 F.2d 283, *cert. denied*, 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 166, *reh. denied*, 375 U.S. 982, 84 S.Ct. 479, 11 L.Ed.2d 428 (1963); *B. & B. Oil & Chemical Co. v. Franklin Oil Corp.*, 293 F.Supp. 1313, 1317 (D.C.Mich.1968), and also in view of the opinion of the Court of Appeals for this Circuit in *George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.*, 508 F.2d 547 (1 Cir. 1974).

Plaintiffs' argument that "immediate discovery and a speedy resolution of the claims against these defendants is required in a single forum which has power to grant injunctive relief" is obviously premised on the assumption that this

Court is in a position to supply immediately a forum for determining this complex anti-trust claim which necessitated 42 pages merely to state the cause of action. This assumption, in view of the present state of the docket of this Court, which now enjoys the dubious distinction of having the longest median time from filing to disposition of civil cases of any United States District Court, is gratuitous, contrary to fact and simply wishful thinking. This is presently true and will become even more so as the provisions of the Speedy Trial Act of 1974 become more stringent between now and June 30, 1979. The judges of this Court, acting pursuant to its present Rule 50(b) plan for speedy trials, are now required to devote more than three quarters of their in-court time to criminal trials, motions and dispositions. Some members of the Court have tried few, if any, civil cases since last spring because of the pressure of the criminal docket and it appears extremely unlikely under the pressure exerted by the Speedy Trial Act of 1974 to further accelerate criminal trials, and in view of the priorities which must be accorded to habeas corpus, civil rights and emergency injunctive matters, that any protracted civil cases will be assigned for trial in this Court in the next few years unless there is a substantial augmentation both of judicial manpower and supporting personnel.

■■ An examination of the allegations of this Complaint establishes that the interest of justice and the speedy resolution of this matter will be far more expeditiously and economically obtained if all of the arbitrable issues are submitted to arbitration. This course of conduct will greatly reduce the fact issues remaining in the anti-trust count. There is no hard and fast rule of law which requires that more than fifty per cent of the counts in a complaint be arbitrable as a condition precedent to staying the entire case pending arbitration. See *Collins Radio Co. v. Ex-Cello Corp.*, 467 F.2d 995 (8 Cir. 1972). It should

be noted that this Court is not ordering the anti-trust count to arbitration and consequently *Cobb v. Lewis*, 488 F.2d 41 (5 Cir. 1974) and similar cases cited on page 4 of plaintiff's brief are inapposite.

Accordingly, the defendants' prayer for an order submitting all arbitrable issues involved in the contracts described in Counts 3, 4, 5, 6, 8, 9, 11, 12 and 13 will be allowed and all other action including discovery will be stayed pending the arbitrator's decision. *Harman Electrical Construction Company v. The Consolidated Engineering Co., Inc.*, 347 F. Supp. 392, 397–398 (D.Del.1972).

Order accordingly.