**JOBBERS WAREHOUSE SERVICE, INC., Plaintiff,**

v.

**MAREMONT CORPORATION, Defendant.**

**No. 77–3454–C.**

United States District Court, D. Massachusetts.

July 7, 1978.

Michael L. Pappas, Waltham, Mass., for plaintiff.

Douglas G. Mozham, Linda F. Smith, Hale & Dorr, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action seeking damages for termination of a distributorship. The plaintiff, Jobbers Warehouse Service, Inc., (Jobbers) is a wholesaler of automotive parts. The defendant, Maremont Corporation (Maremont) manufactures Gabriel shock absorbers. Jobbers was a Maremont distributor from 1968 until September 30, 1976, when the defendant terminated its relationship with Jobbers and engaged a new distributor.

The matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Following a hearing on that motion, I rule as follows:

As a basis for this Court's jurisdiction, plaintiff relies solely on 28 U.S.C.A. § 1332 (diversity jurisdiction). To substantiate the claim that diversity of citizenship exists, plaintiff alleges that it is a Massachusetts corporation with its "usual place of business" in Somerville and that Maremont has its principal place of business in Illinois. On the basis of those assertions, defendant contends that subject matter jurisdiction is lacking because there is no allegation of Jobbers' principal place of business and Maremont's state of citizenship. Therefore, according to Maremont, the complaint is defectively pleaded for want of essential jurisdictional allegations under 28 U.S.C.A. § 1332(c).

It is well-settled that in a diversity action involving two corporations, the language of the complaint must include explicit allegations of each party's place of incorporation and of each party's principal place of business. *E. g., Guerrino v. Ohio Casualty Insurance Co.*, 423 F.2d 419 (3d Cir. 1970); *Oskierko v. Southwestern Horizons, Inc.*, 60 F.R.D. 365 (D.Ill.1973). While plaintiff's use of the phrase "usual place of business" rather than the term "principal place" could be construed as compliance with statutory requirements, the absence of any averment of Maremont's state of incorporation makes the complaint technically defective from a jurisdictional standpoint. *Fawvor v. Texaco, Inc.*, 387 F.Supp. 626 (D.C.Tex.1975), *remanded on other grounds*, 546 F.2d 636 (5th Cir. 1977). Because of the ruling *infra* on the 12(b)(6) motion, the Court will assume in favor of plaintiffs that they have properly alleged the existence of diversity jurisdiction.

Assuming subject matter jurisdiction, the complaint still is defective. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1975), sets forth the established standard for examination of a 12(b)(6) motion: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. at 102. In applying this standard

to plaintiff's complaint, I note that while plaintiff complains generally about "certain unfair and deceptive trade practices," the gravamen of the complaint is the cancellation by Maremont of Jobbers' distributorship. Jobbers complains that Maremont "did not terminate other distributors in the same class as the plaintiff and, therefore, has discriminated as to the plaintiff." Jobbers also complains that Maremont "without cause, and with the intent of benefiting another distributor conspired with such other distributor to terminate the sale of all products to the plaintiff, whether purchased by the plaintiff at wholesale from any source whatsoever." Assuming for purposes of this ruling that those allegations are true, nonetheless I rule that Jobbers has not alleged any conduct on Maremont's part which is proscribed by law. It is axiomatic that a change of distributors is not in itself an unfair trade practice. *E. g., Burdett Sound, Inc. v. Altec Corporation*, 515 F.2d 1245, 1248 (5th Cir. 1975); *Scanlan v. Anheuser-Busch, Inc.*, 388 F.2d 918, 921 (9th Cir.), *cert. denied*, 391 U.S. 916, 88 S.Ct. 1810, 20 L.Ed.2d 654 (1968); *Ace Beer Distributors, Inc. v. Kohn, Inc.*, 318 F.2d 283, 286 (6th Cir.), *cert. denied*, 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 166 (1963); *Monroe Company of Quincy v. American Standard Inc.*, 368 F.Supp. 603 (D.Mass.1973). As the Court of Appeals for the Ninth Circuit has stated:

> We think it indisputable that a single manufacturer or seller can ordinarily stop doing business with A and transfer his business to B. All of the cases [cited earlier in the opinion] stand for this rule. . . . the decision of the seller to transfer his business from A to B is valid even though B may have solicited the transfer and even though the seller and B may have agreed before the seller terminates his dealings with A.

*Joseph E. Seagram & Sons, Inc. v. Hawaiian Oke & Liquors, Ltd.*, 416 F.2d 71, 78 (9th Cir. 1969), *cert. denied*, 396 U.S. 1062, 90 S.Ct. 752, 24 L.Ed.2d 755. Consequently, because plaintiff has alleged no facts on the basis of which this Court could find unlawful conduct on defendant's part, the motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted. Order accordingly.